UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

REBECCA DEATON,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. 6:13-cv-00894-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff Rebecca Deaton seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be reversed and remanded for further proceedings.

OPINION AND ORDER - 1

**STANDARDS**

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue*, 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

OPINION AND ORDER - 2

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born in 1968 and was forty-one years old at the time of the alleged onset date. Plaintiff graduated from high school and completed some college course work. Plaintiff

OPINION AND ORDER - 3

protectively filed her applications for benefits on April 7, 2010, alleging that she has been disabled since March 12, 2010. The claim was denied initially and upon reconsideration. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on January 18, 2012. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE).

On February 21, 2012, the ALJ issued a decision finding that plaintiff was not disabled under the Social Security Act. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since March 12, 2010, her alleged onset date. Tr. 22.[1] At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: history of asthma with continued tobacco use, migraines, mild degenerative disc disease of the lumber spine, major depressive disorder, and posttraumatic stress disorder (PTSD). Tr. 23. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 24. After considering the entire record, the ALJ found that plaintiff has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) except: plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases, chemical irritants, environments with poor ventilation, and hot or cold temperature extremes. Tr. 27. The ALJ also limited plaintiff to "unskilled or low semi-skilled work." Tr. 27. Based on plaintiff's RFC and the testimony of the VE, the ALJ found that plaintiff is capable of performing past relevant work as a home health aide, as actually

---

[1] "Tr." refers to the Transcript of the Administrative Record.

OPINION AND ORDER - 4

and generally performed. Tr. 32-33. Therefore, the ALJ concluded that plaintiff is not disabled. As an alternative basis for her finding that plaintiff is not disabled, the ALJ also found that plaintiff could perform jobs existing in significant numbers in the national economy, considering her age, education, work experience, and residual functional capacity. Tr. 33-34. Specifically, the ALJ found that plaintiff would be able to perform the requirements of representative occupations such as cook's helper, floor waxer, and kitchen helper. Tr. 34.

On April 12, 2013, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

**DISCUSSION**

Plaintiff argues that the decision of the Acting Commissioner is not supported by substantial evidence for the following reasons: (1) the Appeals Council did not consider new evidence that plaintiff submitted after the ALJ's decision; (2) the ALJ erred in assigning significant weight to the opinions of state agency doctors; (3) the ALJ erred by omitting mental health limitations from plaintiff's RFC; and (4) the ALJ improperly analyzed plaintiff's migraine symptoms. Each of plaintiff's arguments will be addressed in turn.

1.   **New Evidence Submitted to the Appeals Council**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence in light of the new evidence that she submitted to the Appeals Council. After the ALJ issued her decision in February 2012, plaintiff submitted to the Appeals Council treatment records, which document that plaintiff underwent a laminectomy surgery in October 2012.

Pursuant to 20 C.F.R. § 404.976(b)(1), evidence that is newly submitted to the Appeals Council will be considered as follows:

> The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application ....

When the Appeals Council denies review, the decision of the ALJ is the final decision of the Commissioner. *Russell v. Brown*, 856 F.2d 81, 83–84 (9th Cir.1988). However, any additional evidence considered by the Appeals Council in denying the request for review becomes part of the administrative record for review by the district court. *Brewes v. Astrue,* 682 F.3d 1157, 1163 (9th Cir. 2012). New evidence is material if it bears directly and substantially on the matter in dispute. *Borrelli v. Comm'r of Soc. Sec.*, No. 12-16189, 2014 WL 1492736, *1 (9th Cir. Apr. 8, 2014) (citations omitted). "Remand is necessary where the material evidence gives rise to a 'reasonable possibility' that the new evidence might change the outcome of the administrative hearing." *Id.* (citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir.1984)).

Defendant argues that the new treatment records do not undermine the ALJ's findings because the records show that plaintiff's symptoms have worsened since the time of the hearing. In so doing, it appears that defendant is arguing that, pursuant to 20 C.F.R. § 404.976(b)(1), the new treatment records do not relate to the period before the ALJ's hearing because plaintiff's symptoms have worsened since that time. However, 20 C.F.R. § 404.976(b)(1) identifies the

OPINION AND ORDER - 6

instances in which the Appeals Council is required to consider new evidence. Here, the Appeals Council already considered the new evidence and found "no reason under our rules to review the Administrative Law Judge's decision." Tr. 1. Therefore, under defendant's theory, plaintiff's conditions have severely worsened since the ALJ's decision, but a remand is not appropriate because the new evidence does not relate to the period before the ALJ's decision, and any new application would be precluded because the Appeals Council already based its denial on this new evidence. Such a result is unreasonable.

As noted above, a remand is necessary if the evidence at issue is new and material and it raises a reasonable possibility that the outcome of the hearing would change. First, the evidence at issue was created after the ALJ's determination and is indisputably new. Second, the new evidence sheds light on previous gaps in the medical record. As the ALJ noted, plaintiff did not seek any significant medical treatment for her back pain from September 2010 through October 2011, a period during which she also struggled with mental health issues. Tr. 29. Prior to that period, MRI images revealed only mild degenerative changes in the lumbar spine with neural foraminal stenosis at the L3-L4 and L4-L5 vertebrae. Tr. 504. In contrast, MRI images conducted in October 2012, just eight months after the ALJ's decision, revealed significantly more severe symptoms. Those evaluations revealed severe lumbar stenosis at L4-L5 vertebrae as well as claudicatory symptoms. Tr. 689. The court finds that this new evidence is material to the period before the ALJ's determination, especially in light of the gap in the medical record closest to the time of the hearing. Third, the new evidence raises a reasonable possibility that the outcome of the hearing would change. As defendant admits, the new evidence demonstrates that plaintiff experiences nerve decompression, a symptom not addressed by the ALJ. Def.'s Brief at

OPINION AND ORDER - 7

6. Similarly, defendant admits that the new evidence demonstrates additional functional limitations, such as plaintiff's inability to stand or sit for any length of time. Def.'s Brief at 7. Because the new evidence could influence the outcome of the ALJ's determination, her previous opinion is not supported by substantial evidence, and the matter is remanded to provide an opportunity to address the new evidence. These proceedings will allow the ALJ to review her step five determination in light of the new evidence.

### 2.   State Agency Doctors

Plaintiff argues that the ALJ erred in affording significant weight to the opinions of two state agency consulting physicians, Gary W. Coleman, M.D., and C.A. Parsons, M.D. In part, plaintiff argues that the ALJ's analysis of their opinions is not supported by substantial evidence because neither the state agency doctors nor the ALJ had the opportunity to review plaintiff's new evidence. In affording these opinions great weight, the ALJ noted that plaintiff's other treating sources had not provided an assessment of plaintiff's functional limitations. As discussed above, defendant agrees that the new evidence shows a significant worsening of plaintiff's symptoms and functioning. Def.'s Brief at 6-7. Because the ALJ relied on the lack of evidence of plaintiff's limitations in considering the state agency doctors' opinions and the new evidence relates to that very topic, the ALJ's decision is not supported by substantial evidence. Therefore, on remand, the ALJ shall consider the state agency doctors' opinions in light of the new evidence.

### 3.   Plaintiff's Mental Limitations

Plaintiff argues, and defendant concedes, that the ALJ erred by affording significant weight to the opinions of state agency psychologists Norman Jessop, Ph.D., and George Stern, Ph.D., without incorporating all of the limitations that they propounded into plaintiff's RFC.

OPINION AND ORDER - 8

Doctor Stern opined that plaintiff suffered from depression and was moderately limited in social functioning and mildly limited in maintaining concentration, persistence, or pace. Tr. 294, 301, 307. He also opined that plaintiff could understand and follow simple instructions. Tr. 307. These opinions were affirmed by Dr. Jessop. Tr. 310. The ALJ assigned significant weight to these opinions, but she erred by omitting certain mental limitations from plaintiff's RFC. While the ALJ limited plaintiff to unskilled or low semi-skilled work, she did not include any limitation related to contact with the public. Tr. 27. The ALJ compounded this error in step four by finding that plaintiff could return to her past relevant work as a home health aide, an occupation that requires significant customer interaction.

Defendant argues that the ALJ's error was harmless because it did not affect the ultimate disability issue. "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The omission of valid limitations from plaintiff's RFC is harmless error if the occupations listed in step five do not require a level of functioning higher than those limitations would allow. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("[T]o the extent the ALJ's RFC finding erroneously omitted [certain] postural limitations (only occasional balancing, stooping, and climbing of ramps and stairs), any error was harmless since sedentary jobs require infrequent stooping, balancing, crouching, or climbing."). Additionally, although an ALJ's step four determination may constitute error, it is harmless error if, in step five, the ALJ properly concluded that the plaintiff could perform other work in the national economy that existed in significant numbers. *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (citations omitted).

OPINION AND ORDER - 9

In this case, after erroneously concluding that plaintiff could return to her past work, the ALJ proceeded to step five to make alternative findings. In consideration of plaintiff's RFC, the ALJ identified three occupations that plaintiff could perform: cook's helper (DOT 317.687-010), floor waxer (DOT 381.687-034), and kitchen helper (DOT 318.687-010). Each of these occupations have a Specific Vocational Preparation of two, meaning they involve unskilled work. Social Security Rule (SSR) 00-4p, *available at* 2000 WL 1898704. Accordingly, the occupations identified do not require a skill level inconsistent with Dr. Stern's opinion, which stated that plaintiff could perform simple tasks. Additionally, the occupations listed do not involve significant interaction with the public. *See* 1991 WL 672752, 1991 WL 673262, 1991 WL 672755. Therefore, they do not require a social functioning greater than that which Dr. Stern assigned to plaintiff. Because the jobs listed in the ALJ's step five determination do not require skills or functioning greater than the limitations that the ALJ erroneously omitted, any error related to the failure to include those limitations was harmless.

4. **Plaintiff's Migraines**

Finally, plaintiff argues that the ALJ erred in failing to impose workplace limitations in relation to plaintiff's migraines. In step two, the ALJ found that plaintiff's migraines are a severe impairment. In so doing, the ALJ noted that plaintiff attributes those migraines to hypertension, which the ALJ found was generally controlled. Tr. 23. Plaintiff does not challenge this conclusion. In analyzing plaintiff's RFC, the ALJ again addressed plaintiff's migraines. The ALJ explained that, while recent medical records indicate that the migraines were not a significant problem, she found that plaintiff does experience migraines. Tr. 30. The ALJ also found that the environmental limitations meant to address plaintiff's pulmonary limitations also adequately

OPINION AND ORDER - 10

address any limitations that plaintiff may experience due to her migraines. Tr. 30.

Plaintiff argues that the ALJ erred by finding that limitations on pulmonary irritants would address plaintiff's migraines, when there is no correlation between plaintiff's headaches and such irritants. Instead, plaintiff alleges that her migraines are caused by hypertension. Pl.'s Brief at 13, Tr. 59. As discussed above, the ALJ found that plaintiff's hypertension was controlled. Tr. 23. Plaintiff does not challenge this conclusion; therefore, the court will not require a limitation concerning plaintiff's hypertension. Accordingly, the court will not fault the ALJ for placing an additional limitation on another potential cause for plaintiff's migraines, pulmonary irritants, even if they are not the primary cause.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Acting Commissioner denying Rebecca Deaton's applications for DIB and SSI must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this 4 day of September, 2014.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER - 11